JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROBERT MOTTO AND JILL MOTTO

**DEFENDANTS**

NEWELL BRANDS INC. AND THE YANKEE CANDLE COMPANY, INC.

**(b)** County of Residence of First Listed Plaintiff   Schuylkill County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Steven J. Payne, Esq., DeLUCA LEVINE LLC
301 E. Germantown Pk., 3rd Fl., East Norriton, PA 19401

Attorneys *(If Known)*

Sean T. Stadelman, Esq., GOLDBERG SEGALLA LLP
1800 Market St., Suite 1418, Phila., PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [x] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Plaintiffs allege that, while using a Yankee Candle a fire originated resulting in damage to real and personal property.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** over $75K

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
March 29, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sean T. Stadelman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __71 Silver Creek Road, New Philadelphia, PA 17959__

Address of Defendant: __6655 Peachtree Dunwoody Road, Atlanta, GA 30328__

Place of Accident, Incident or Transaction: __71 Silver Creek Road, New Philadelphia, PA 17959__

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year    Yes ☐    No ☒
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit    Yes ☐    No ☒
   Pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier    Yes ☐    No ☒
   Numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed    Yes ☐    No ☒
   by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 3/29/2024          __/s/ Sean T. Stadelman__          201636

*Attorney-at-Law (Must sign above)*          *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)*_____
         __Real Property__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐    Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action
     case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: _____          _____          _____

          *Attorney-at-Law (Sign here if applicable)*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ROBERT MOTTO and JILL MOTTO**,   )
                                      )
     **Plaintiffs,**            )
                                      )
     **v.**                   )     **Case No.:**
                                        )
**NEWELL BRANDS, INC.**        )
**And THE YANKEE CANDLE COMPANY,**   )
**INC.**                             )
                                      )
     **Defendants.**          )

**<u>DEFENDANT'S NOTICE OF REMOVAL AND COPIES OF ALL
PROCESS AND PLEADINGS</u>**

       Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Yankee Candle Company,

Inc., ("Defendant"), submits the following Notice of Removal from the Court of Common Pleas

for Philadelphia County, the Court in which the above-captioned matter is now pending, to the

United States District Court for the Eastern District of Pennsylvania. In support of Defendant's

Notice of Removal, it states as follows:

**<u>Nature of Action</u>**

       1.     This lawsuit arises out of an alleged August 2, 2022 incident in which Plaintiffs

allege that, while using a Yankee Candle a fire originated resulting in damage to real and personal

property in the amount of $342,163.82. Exhibit A at ¶ 9, 10 and 15.

       2.     Plaintiffs filed a Complaint in this matter on February 21, 2024 in the Philadelphia

County Court of Common Pleas at docket number 240202394. *See* Exhibit A.

       3.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches copies of all pleadings and

orders filed in the Court of Common Pleas for the Philadelphia County case. *See* Exhibit A.

**Timeliness of Removal**

4.      Defendant was not served with the Complaint until February 29, 2024 and/or has not been properly served with the complaint.

5.      This Notice of Removal is being filed within thirty (30) days after service of the complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

6.      All Defendants consent to removal.

**Amount in Controversy**

7.      A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

8.      "The amount in controversy is not measured by the low end of an open-ended claim, but rather a reasonable reading of the value of the rights being litigated." *Auto-Owners Ins. Co. v. Stevens & Ricci,* 835 F.3d 388, 401 (3d Cir. 2016) (quoting *Angus v. Shirley,* 989 F.2d 142, 146 (3d Cir. 1993)).

9.      Plaintiffs are seeking judgment for damages in the amount of $342,163.82. Exhibit A at ¶ 9, 10 and 15.

10.     Thus, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**Diversity of Citizenship**

11.     According to Plaintiffs' complaint, Plaintiffs are residents of New Philadelphia, Pennsylvania.

12.     Defendant Newell Brands Inc. is a Delaware Corporation with its principal place of business located in Atlanta, Georgia. Thus, Newell Brands, Inc. is a citizen of the states of Delaware and Georgia.

13.     The Yankee Candle Company, Inc. is a Massachusetts corporation that maintains its principal place of business in Massachusetts. Thus, Defendant is a citizen of the Commonwealth of Massachusetts and no other state.

14.     Pursuant to 28 U.S.C. §1332 (c)(1), full diversity exists among all parties in this action because Plaintiffs are citizens of Pennsylvania, and Defendants are citizens of Delaware, Georgia and Massachusetts. Complete diversity exists between the parties.

## Plea for Removal

15.     Insofar as the amount in controversy exceeds $75,000.00 and full diversity exists between the parties, removal to this Court is proper pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441(a).

16.     Written notice is being given to all parties and the Clerk of the Court of Common Pleas for the Philadelphia County that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant, The Yankee Candle Company, Inc., respectfully requests that the entire state court action currently pending in the Court of Common Pleas for the Philadelphia County as case number 240202394 be removed to this Court for all further proceedings.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:

Sean T. Stadelman, Esquire
PA Attorney Id. No. 201636
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Tel.: 267-519-6850
sstadelman@goldbergsegalla.com

*Attorney for Defendants,*
*Newell Brands Inc. and The Yankee*
*Candle Company, Inc.*

Dated:  March 29, 2024

## <u>CERTIFICATE OF SERVICE</u>

I, Sean T. Stadelman, hereby certify that on this day, a true and correct copy of the foregoing Notice of Removal was served via the Court's ECF System and/or via email or U.S. First Class Mail, postage prepaid upon all counsel and parties of record.

**GOLDBERG SEGALLA LLP**

By: _____

Sean T. Stadelman, Esquire
PA Attorney Id. No. 201636
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Tel.: 267-519-6850
sstadelman@goldbergsegalla.com

*Attorney for Defendant,*

Dated: March 29, 2024

# EXHIBIT "A"



**de Luca | Levine**
SUBROGATION ATTORNEYS

**Steven J. Payne**
*Direct: 484-681-5932*
*Cell:215-206-1912*
spayne@delucalevine.com

February 22, 2024

**Sent via Certified Mail Return Receipt Requested**

Newell Brands Inc.
6655 Peachtree Dunwoody Road
Atlanta, GA 30328

      **Re:**    **Robert Motto and Jill Motto v. Newell Brands Inc. and The Yankee Candle Company, Inc.**
            **Civil Docket No.:**

Dear Sir/Madam:

      Enclosed please find a Complaint that names your company as a defendant in a lawsuit. Please forward this letter and the Complaint to your insurance carrier immediately.  If you do not respond within 20 days, a default judgment may be entered against you.

      Thank you.

                    Very truly yours,

                    de LUCA LEVINE LLC

                    **STEVEN J. PAYNE**

JPC/so
Enclosure

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**FEBRUARY 2024**   **02394**

E-Filing Number: 2402043839

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ROBERT MOTTO | NEWELL BRANDS INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 71 SILVER CREEK ROAD<br>NEW PHILADELPHIA PA 17959 | 6655 PEACHTREE DUNWOODY ROAD<br>ATLANTA GA 30328 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JILL MOTTO | THE YANKEE CANDLE COMPANY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 71 SILVER CREEK ROAD<br>NEW PHILADELPHIA PA 17959 | 16 YANKEE CANDLE WAY<br>SOUTH DEERFIELD MA 01373 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:
[ ] Mass Tort
[ ] Savings Action
[ ] Petition
[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals
[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**
1G - SUBROGATION ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
FEB **21** 2024
C. SMITH

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES          NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ROBERT MOTTO , JILL MOTTO</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PAYNE J. STEVEN | 301 E. GERMANTOWN PIKE<br>3RD FLOOR<br>EAST NORRITON PA 19401 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)206-1912 | (215)383-0082 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 90816 | spayne@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PAYNE STEVEN | Wednesday, February 21, 2024, 09:21 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**de LUCA LEVINE LLC**
**BY: RAYMOND E. MACK**
**IDENTIFICATION NO.: 91815**
**BY:  STEVEN J. PAYNE**
**IDENTIFICATION NO.:  90816**
**301 E. GERMANTOWN PIKE, 3ʳᵈ FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFFS**
**ROBERT MOTTO AND JILL MOTTO**

Filed and Attested by the
Office of Judicial Records
21 FEB 2024 09:21 am
C. SMITH

---

**ROBERT MOTTO AND JILL MOTTO**
**71 Silver Creek Road**
**New Philadelphia, PA  17959**
                   **Plaintiffs**

          **v.**

**NEWELL BRANDS INC.**
**6655 Peachtree Dunwoody Road**
**Atlanta, GA  30328**

**and**

**THE YANKEE CANDLE COMPANY, INC.**
**16 Yankee Candle Way**
**South Deerfield, MA  01373**
                   **Defendants**

**COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PA**


**FEBRUARY TERM 2024**

**NO.**

---

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte.  Si used quiere defenderse de estas demandas expuestas en las paginas siguientes, used tiene veinte (20) dias de plazo al partir de la fecha de la

Case ID: 240202394

demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona.  Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder.


     LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.


**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

de LUCA LEVINE LLC
BY: RAYMOND E. MACK
IDENTIFICATION NO.: 91815
BY: STEVEN J. PAYNE
IDENTIFICATION NO.: 90816
301 E. GERMANTOWN PIKE, 3rd FLOOR
EAST NORRITON, PA 19401
(215) 383-0081

**ATTORNEYS FOR PLAINTIFFS,**
**ROBERT MOTTO AND JILL MOTTO**

---

**ROBERT MOTTO AND JILL MOTTO**
**71 Silver Creek Road**
**New Philadelphia, PA  17959**
                    **Plaintiffs**

        **v.**

**NEWELL BRANDS INC.**
**6655 Peachtree Dunwoody Road**
**Atlanta, GA  30328**

**and**

**THE YANKEE CANDLE COMPANY, INC.**
**16 Yankee Candle Way**
**South Deerfield, MA  01373**
                    **Defendants**

**COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PA**

**FEBRUARY TERM 2024**

**NO.**

## COMPLAINT

Plaintiffs, Robert Motto and Jill Motto, by and through their undersigned counsel, DE LUCA

LEVINE LLC, hereby demand judgment against Defendants, and complain against them as follows:

## PARTIES

1.      Plaintiffs, Robert Motto and Jill Motto (hereinafter collectively referred to as

"Plaintiffs" or "the Mottos") are adult individuals, who at all times relevant hereto, were the

owners of real property located at 71 Silver Creek Road, New Philadelphia, PA  17959 (hereinafter

referred to as "the subject property").

2.      Defendant Newell Brands Inc. ("Newell") is, upon belief and information and was

at all times relevant hereto, a Delaware corporation with a principal place of business at the

Case ID: 240202394

captioned address and was authorized to do business within the Commonwealth of Pennsylvania. Newell regularly conducts business in Pennsylvania.

3.      Newell is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce candles including the Yankee Candle at issue in this case.

4.      Defendant The Yankee Candle Company, Inc. ("Yankee") is and was at all times relevant, upon information and belief, a Massachusetts corporation with a principal place of business at the captioned address, and was authorized to do business within the Commonwealth of Pennsylvania.  Yankee regularly conducts business in Pennsylvania.

5.      Yankee is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce candles including the Yankee Candle at issue in this case.

6.      The Yankee Candle Company, Inc., is a division of Newell Brands Inc.

## FACTS

7.      Plaintiffs incorporate by reference the preceding averments as though fully set forth herein at length.

8.      Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce "Yankee Candle" candles-in-jars intended for use by consumers for the ordinary purpose associated with candles.

9.      On or about August 2, 2022, a fire originated at the defective Yankee Candle in use at the subject property, when the product failed catastrophically, suddenly, and without warning.

10.     The fire resulted in damage to the real and personal property of the Mottos, and caused them to vacate their home for a reasonable period of time while repairs were made and their home was restored to its pre-fire condition.   In addition, the fire resulted in other consequential and incidental damages including clean-up costs, debris removal, and other associated and necessary expenses.

11.     At the time of the fire, the Yankee Candle was in use in a tin candle holder of the type typically used with such candles, which use was foreseeable to Defendants.

12.     The subject Yankee Candle, which was designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce by Defendants was not modified, changed, altered or abused by the Mottos prior to or during its use.

13.     At all times material hereto, Defendants knew and intended that the Yankee Candle would be used by members of the general public, and knew of the specific uses, purposes and requirements for which the Yankee candle and candle holder would be utilized.

14.     Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce the subject Yankee Candle in a dangerous and defective condition, with a defect which caused the Yankee Candle to malfunction and start a damaging fire.

15.     As a result of the aforementioned fire and damages, Plaintiffs sustained damages in an amount in the amount of $342,163.82.

## COUNT I – STRICT LIABILITY
## PLAINTIFFS v. DEFENDANTS

16.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were fully set forth herein at length.

17.     Defendants were regularly engaged in the business of designing, testing, inspecting, assembling, manufacturing, marketing, branding, selling and distributing candles and specifically designed, tested, inspected, assembled, manufactured, marketed, branded, distributed, sold and placed into the stream of commerce the Yankee Candle at issue.

18.     The subject Yankee Candle, which was designed, manufactured, sold and/or distributed into the stream of commerce by Defendants, was not modified, changed altered or abused by the Mottos prior to or during its use.

19.     The product was defective and dangerous as a result of design and manufacturing defects that caused it to fail and ignite a fire.

20.     The product was manufactured with flaws and did not meet Defendants' design specifications or internal quality standards.

21.     The design specifications and materials for the subject Yankee Candle rendered it defective as it was unreasonably prone to igniting and causing fires when used in its usual, foreseeable and intended manner.

22.     As a result of such design and manufacturing defects, the subject Yankee Candle was in a defective and dangerous condition at the time Defendants placed it into the stream of commerce, and the product reached Plaintiffs without any substantial changer or alteration in its defective condition.

Case ID: 240202394

23.     Safer alternative designs and materials for the Yankee Candle were economically and technically feasible when the product was designed.

24.     Given the feasibility of designing and manufacturing candles not prone to igniting a fire, the risk of foreseeable property damage vastly outweighed the utility of the design and materials used to manufacture the product.

25.     Such defects were known to Defendants at the time of manufacture of the product.

26.     The danger contained therein was unknowable and unacceptable to the average or ordinary consumer, including Plaintiffs, and a reasonable person would conclude that the probability and seriousness of the harm caused by the product outweigh the burden or costs of taking appropriate precautions.

27.     The defective condition of the Yankee Candle caused the fire and Plaintiffs' damages.

28.     The subject Yankee Candle was not improperly modified, changed, altered, misused or abused by Plaintiffs after Defendants placed it into the stream of commerce.

29.     As a direct and proximate result of Defendants' defective product, the Fire occurred and caused damages to Plaintiffs in the amount of $342,163.82.

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants in the amount of $342,163.82, plus interest, delay damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
## PLAINTIFFS v. DEFENDANTS

30.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though fully set forth herein at length.

31.     Defendants owed a duty of reasonable care to users, like the Mottos, in regard to the design, manufacture, assembly, testing, inspection, marketing, selling and distribution, *inter alia*, of the Yankee candle and candle holder, and breached that duty.

32.     The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically failing to exercise reasonable care described as follows:

    a.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing a defective Yankee Candle, which after reasonable and foreseeable use malfunctioned and catastrophically failed, starting a fire;

    b.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing the Yankee Candle, which was not in a safe condition and free of all material defects and after reasonable and foreseeable use malfunctioned and catastrophically failed, starting a fire;

    d.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing the Yankee Candle when Defendants knew or should have known that it was unsafe and unfit for its intended use;

    e.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing the Yankee Candle when Defendants knew or should have known that it would be inadequate for the purposes for which it was purchased;

    f.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing the Yankee Candle which had unreasonably dangerous component parts, causing the Yankee Candle to catastrophically fail and malfunction;

    g.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing an unreasonably dangerous and defective Yankee Candle that Defendants knew or

reasonably should have known exposed users such as the Mottos to an unreasonable risk of harm;

h.    carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling and/or marketing the Yankee Candle, prior to introducing it into the stream of commerce; and

i.    carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the Yankee Candle, which rendered it defective and unreasonably dangerous.

33.    As a direct and proximate result of Defendants' aforementioned actions, and/or omissions, Defendants acted negligently or carelessly, and are therefore liable to the Plaintiffs for the damages they sustained.

34.    As a direct and proximate result of the aforementioned negligent and careless conduct of Defendants, Plaintiffs sustained and incurred damage to their real and personal property and incurred other consequential and incidental damages totaling $342,163.82.

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants in the amount of $342,163.82, plus interest, delay damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH OF WARRANTIES
## PLAINTIFFS v. DEFENDANTS

35.    Plaintiffs incorporates herein by reference the above paragraphs as though same were fully set forth at length.

36.    At the time of the sale and/or distribution of the product, Defendants had reason to know the particular purpose to which the subject Yankee Candle would be used (*i.e.* residential application) and that it was being relied upon to furnish a suitable product.

37.    In light of the negligence, breaches, failures and harms alleged herein, Defendants breached the implied warranty of fitness for a particular purpose as set out in the Uniform

Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

38.     In addition, Defendants breached their implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

39.     In addition, Defendants breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

40.     Defendants have better access to all written forms of said warranties and therefore are not prejudiced by Plaintiffs' inability to attach them hereto.

41.     As consumers and the users of the Yankee Candle, Plaintiffs were beneficiaries of any such warranties.

42.     Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by Defendants of their implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warranties in violation of 13 Pa. C.S.A. § 2-313.

43.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

44.     As a direct and proximate result of the aforementioned defects, Plaintiffs sustained damages to their real and personal property and incurred additional necessary expenses.

45.     As a direct and proximate result of the aforementioned negligence and careless conduct of Defendants, Plaintiffs sustained and incurred damage to their real and personal property, causing them to vacate their home for a reasonable period of time until it was restored to

its pre-fire condition, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the total amount of $342,163.82.

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendants in the amount of $342,163.82, plus interest, delay damages and such other relief as the Court deems appropriate under the circumstances.

DE LUCA LEVINE LLC

BY:  /s/ Steven J. Payne
  RAYMOND E. MACK, ESQUIRE
  PA ATTORNEY ID:  91815
  rmack@delucalevine.com
  STEVEN J. PAYNE, ESQUIRE
  PA ATTORNEY ID:  90816
  spayne@delucalevine.com
  301 East Germantown Pike, Third Floor
  East Norriton, PA 19401
  215-383-0081 (phone)
  215-383-0082 (fax)
  Attorneys for Plaintiffs, Robert Motto and Jill
  Motto

Date: February  21    , 2024

## VERIFICATION

I, Beth Brogan, under the penalty of perjury, hereby state that I am a duly authorized representative of Allstate Vehicle and Property Insurance Company, the real party in interest in this matter, that I have read the foregoing Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the foregoing; that the foregoing was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the foregoing is true and correct to the best of my knowledge after due inquiry. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Beth Brogan*
_____
Beth Brogan
An Authorized Representative of
Allstate Vehicle and Property Insurance
Company

Dated: February 20, 2024

Case ID: 240202394

NEOPOST
02/22/2024
US POSTAGE $009.17°
FIRST-CLASS MAIL
ZIP 19422
041M1028288



7021 1970 0001 2447 5660

de Luca|Levine
SUBROGATION ATTORNEYS
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401

Newell Brands
6655 Peachtree Dunwoody Rd
Atlanta, GA 30328