**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT MOTTO and JILL MOTTO,** <br> *Plaintiffs,* <br><br> **v.** <br><br> **NEWELL BRANDS, INC. and THE** <br> **YANKEE CANDLE COMPANY, INC.,** <br> *Defendants.* | **Civil No. 24-1338** |

**<u>MEMORANDUM</u>**

**Costello, J.**                                                                      **March 23, 2026**

Plaintiffs Robert and Jill Motto bring this action to recover for property damage to their

home arising from a fire allegedly caused by a defective candle manufactured and sold by

Defendants Newell Brands and The Yankee Candle Company.  Plaintiffs assert three causes of

action under Pennsylvania law: strict product liability, negligence, and breach of the implied

warranty of merchantability.  Defendants have moved for summary judgment on all three claims,

arguing that Plaintiffs have failed to set forth any evidence establishing that the candle was

defective and/or caused the fire.  For the reasons that follow, the Court will grant Defendants'

motion.

**I.       BACKGROUND**

The candle in question is a 22-ounce scented Yankee candle that comes in a glass jar.

ECF No. 29-2 at 6.  Plaintiff Jill Motto lit the candle and placed it in a metal decorative candle

holder on Plaintiffs' wooden dining room table, which was covered with a variety of flammable

objects, including a vinyl tablecloth, papers, hats, and file folders.  *Id.* at 7.  Plaintiff then left the

house for a couple of hours, leaving the candle burning unattended.  *Id.*  No one else was present

at the house during this time frame.  *Id.*  When Plaintiff returned home, she discovered a fire and extensive damage to the house.  *Id.*  Plaintiffs subsequently sued Defendants for strict product liability, negligence, and breach of the implied warranty of merchantability.

Defendants moved for summary judgment on all claims.  They argue that Plaintiffs cannot set forth any evidence establishing that the candle was defective and/or caused the fire—necessary elements of all three claims.  ECF No. 30-2 at 1.  Plaintiffs opposed the motion.  *See generally* ECF No. 31.  They argue that the testimony of their two experts, Dr. John Golder and Roger Spadt, creates genuine disputes of material fact concerning defect and causation that foreclose summary judgment.  *See* ECF No. 31-2 at 1-2.

II.      **LEGAL STANDARD**

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine."  *Bennett v. SEPTA*, 23cv1271, 2024 WL 404959, at *6 (E.D. Pa. Feb. 2, 2024), *aff'd sub nom.*, *Bennett v. Se. Pa. Transp. Auth.*, 24cv1376, 2025 WL 1248815 (3d Cir. Apr. 30, 2025).  A fact is material if it "might affect the outcome of the suit under the governing law[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is "genuine" if, "based on the evidence, 'a reasonable jury could return a verdict for the nonmoving party.'"  *Bennett*, 2024 WL 404959, at *6 (quoting *Anderson*, 477 U.S. at 248).

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016).  "When the movant is the defendant, they have the burden of demonstrating that the plaintiff 'has failed to establish one or more essential elements of her case.'"  *Bennett*, 2024 WL 404959, at *6 (quoting

2

*Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013)).  "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  "If Plaintiff fails to raise a genuine dispute of material fact as to any element of his prima facie case, summary judgment in favor of Defendant is warranted."  *Hanafy v. Hill Int'l, Inc.*, 669 F. Supp. 3d 419, 433 (E.D. Pa. 2023) (citing *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 580 (3d Cir. 1996)).

The Court does not weigh evidence or make credibility determinations at the summary judgment stage.  Rather, it simply determines "whether there is a genuine issue for trial."  *Bennett*, 2024 WL 404959, at *6 (citing *Anderson*, 477 U.S. at 249).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a triable issue; "there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

**III.    DISCUSSION**

a.    <u>Products Liability Claim</u>

To prevail on a products liability claim under Pennsylvania law, a plaintiff must show "(1) that the product was defective, (2) that the defect existed when it left the hands of the defendant, and (3) that the defect caused the harm."  *Riley v. Warren Mfg., Inc.*, 688 A.2d 221, 224 (Pa. Super. Ct. 1997) (citing Restatement (Second) of Torts § 402A (1965)).

"There are three types of defective conditions that give rise to a products liability claim: (1) a design defect, (2) a manufacturing defect, or (3) a failure to warn defect."  *Kovalev v. Lidl US, LLC*, 755 F. Supp. 3d 878, 893 (E.D. Pa. 2024) (citing *Phillips v. A-Best Prod. Co.*, 664 A.2d 1167, 1170 (Pa. 1995)).  Plaintiffs here are proceeding on a theory of a design and/or

manufacturing defect.  *See* ECF No. 1 ¶ 19 (alleging that the candle "was defective and dangerous as a result of design and manufacturing defects that caused it to fail and ignite a fire").

To prove a product was defective, a plaintiff may offer a variety of circumstantial evidence, including evidence of a malfunction, expert testimony as to the variety of possible causes, the timing of the malfunction in relation to when the plaintiff first obtained the product, and similar accidents involving the same product.  *Kovalev*, 755 F. Supp. 3d at 893 (citing *Gapsky v. RTM Acquisition Co., LLC*, 2014 WL 10979830, at *2 (Pa. Super. Ct. 2014)).

Defendants argue that Plaintiffs have failed to proffer testimony supporting their claim that the candle was defective.  *See* ECF No. 30-2 at 6.  Plaintiffs did not brief this issue, but at oral argument on this motion, Plaintiffs argued that Dr. Golder's expert report shows that the candle was defective because the glass jar exploded after being burned to the bottom of the wax.  *See, e.g.*, ECF No. 43 at 4:16-5:10, 6:20-23.

Plaintiffs are wrong.  Dr. Golder's report does not opine on any design or manufacturing defect in the candle.  His report merely concludes that the increase in energy from placing the candle in the metal container caused flashover conditions that broke the glass and caused the surrounding materials to ignite.  ECF No 32-4 at 10 ("It is my expert opinion that the Yankee Candle was placed into a metal candle container and burned for an extended period of time, causing the candle to reach flashover conditions due to the inability of the metal container allowing the heat to dissipate.  This violent explosion caused ignition of the surrounding material located on top of the dining table.").  This is an opinion on causation, not defect.[1]

---

[1] Plaintiffs' other expert report by Roger Spadt similarly only discusses the cause and origin of the fire, not whether the candle itself contained a design or manufacturing defect.  *See* ECF No. 32-3 at 12-13 ("It is my opinion that this fire originated near the center of the wooden dining room tabletop in the area of the 22 oz Yankee Candle Midsummer Night jar candle that was inside a decorative metal candle holder.").

Plaintiffs cannot point to—and the Court cannot locate—any other record evidence suggesting that there was a design or manufacturing defect in the candle. *See* ECF No. 32-2 at 6, 16 (generally referencing Plaintiffs' allegations that candle was defective but failing to point to any evidence of defect in the record); *see also* ECF No. 43 at 21:4-22:18 (Plaintiffs conceding at oral argument that they cannot identify any other record evidence of a design or manufacturing defect). For instance, Plaintiffs do not point to any evidence that Defendants knew of a design flaw in the glass jar that housed the candle, that the manufacturing process did not meet Defendants' ordinary quality specifications, or evidence of other similar incidents with this product. Indeed, the only record evidence pertaining to defect is Defendants' expert report discussing the *absence* of evidence of any design or manufacturing defect in the candle. *See* ECF No. 32-6 at 11 ("CSE found no evidence of any manufacturing or design defect in the Yankee Candle found on the dining table after [the] fire.").

In light of the absence of any record evidence supporting a design or manufacturing defect, the Court will grant Defendants' motion for summary judgment on Plaintiffs' product liability claim. *See Celotex*, 447 U.S. at 323-24 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and mandates granting summary judgment on that claim).

b.    Negligence Claim

"To state a claim for negligence under Pennsylvania law, a plaintiff must allege: (1) a legally recognized duty or obligation of the defendant, (2) the breach thereof, and (3) a causal connection between the breach and the plaintiffs' damages." *Heckman v. Samsung Elecs. Am., Inc.*, 24cv6835, 2025 WL 2312328, at *3 (E.D. Pa. Aug. 11, 2025) (citing *Green v. Pa. Hosp.*, 123 A.3d 310, 315-16 (Pa. 2015)) (internal quotations omitted).

"In a product defect case, a plaintiff must establish the second and third elements of this test by showing the injury was proximately caused by a specific defect in the manufacture or design of a product." *Id.* (citing *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 110 (Pa. Super. Ct. 2011) (internal quotations omitted); *accord State Farm Fire & Cas. Co. v. Traditions of Am., LP*, 20cv01114, 2021 WL 8362166, at *4 (M.D. Pa. Dec. 28, 2021), *report and recommendation adopted*, 20cv01114, 2022 WL 1485186 (M.D. Pa. Jan. 28, 2022).

Plaintiffs' negligence claim suffers the same defect as their products liability claim. As described above, *supra* at 4-5, Plaintiffs have presented no evidence of any specific defect in the candle. The reports from Dr. Golder and Spadt opining that the fire was caused by the candle are insufficient absent any explanation of how the candle itself was defective. Plaintiffs' unfounded speculation at oral argument that the glass would not have broken and started a fire unless the candle was defective is also insufficient. *See* ECF No. 43 at 11:5-15. "[A]n inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat an entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). The Court will accordingly grant Defendants' motion for summary judgment on Plaintiffs' negligence claim. *See Celotex*, 447 U.S. at 323-24; *see also Brandon*, 34 A.3d at 110-11 (affirming grant of summary judgment where plaintiff failed to set forth evidence of a "specific defect in the steering mechanism" that allegedly caused a vehicle to crash in a product-based negligence claim).

    c.    <u>Breach of Implied Warranty of Merchantability Claim</u>

To prevail on a claim for breach of the implied warranty of merchantability under Pennsylvania law, a plaintiff must show "'(1) the product malfunctioned; (2) that the plaintiff used the product as intended or reasonably expected by the manufacturer; and (3) the absence of

other reasonable secondary causes.'" *Heckman*, 2025 WL 2312328, at \*10 (quoting *Blanding v. Walmart Inc.*, 2024 WL 3433321, at \*8 (E.D. Pa. July 15, 2024)). This cause of action also requires proof that the product itself was defective. *See Visual Commc'ns, Inc. v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 611 F. Supp. 2d 465, 470 (E.D. Pa. 2009) ("To prove a breach of the warranty of merchantability, a plaintiff must show that the equipment obtained from the supplier was defective.") (citing *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992) (interpreting Pennsylvania law)).

Again, as described in detail above, *supra* at 4-5, Plaintiffs have failed to point to any evidence of a defect in the candle. This is fatal to their claim for breach of the implied warranty of merchantability. *See Heckman*, 2025 WL 2312328, at \*10. Absent any record evidence of this essential element of Plaintiffs' claim, the Court will grant Defendants' motion for summary judgment. *See Celotex*, 447 U.S. at 323-24.

**IV.**     **CONCLUSION**

Plaintiffs have failed to offer any record evidence on which a reasonable jury could find the candle was defective, a requisite element of all three of their claims against Defendants. Defendants are therefore entitled to summary judgment. An appropriate Order will follow.

**BY THE COURT:**

_____
MARY KAY COSTELLO
United States District Judge

7