**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ROBERT MOTTO and JILL MOTTO,**<br>        *Plaintiffs,*<br><br>        **v.**<br><br>**NEWELL BRANDS, INC. and THE<br>YANKEE CANDLE COMPANY, INC.,**<br>        *Defendants.* | **Civil No. 24-1338** |

**MEMORANDUM**

**Costello, J.**                                                                                         **May 21, 2026**

Plaintiffs Robert and Jill Motto brought this action to recover for property damage to their home arising from a fire allegedly caused by a defective candle manufactured and sold by Defendants Newell Brands and The Yankee Candle Company. Plaintiffs asserted three causes of action under Pennsylvania law: strict product liability, negligence, and breach of the implied warranty of merchantability. The Court granted summary judgment in favor of Defendants after concluding that Plaintiffs failed to set forth any evidence establishing that the candle was defective—a necessary element of all three claims. Plaintiffs now move for reconsideration of that decision under Federal Rule of Civil Procedure 59(e). For the reasons that follow, the Court will deny Plaintiffs' motion.

**I.      BACKGROUND**

The candle at issue is a 22-ounce scented Yankee candle that came in a glass jar. ECF No. 29-2 at 6. Plaintiff Jill Motto lit the candle and placed it in a metal decorative candle holder on Plaintiffs' wooden dining room table, which was covered with a variety of flammable objects, including a vinyl tablecloth, papers, hats, and file folders. *Id.* at 7. Plaintiff then left the house

for a couple of hours, leaving the candle burning unattended.  *Id.*  No one else was present at the house during this time frame.  *Id.*  When Plaintiff returned home, she discovered a fire and extensive damage to the house.  *Id.*

The Court granted summary judgment in Defendants' favor because there was no record evidence that the candle contained any design or manufacturing defect.  *See generally* ECF No. 45.  Defect was a required element of all three of Plaintiffs' claims, so the absence of any evidence thereof precluded Plaintiffs' case from moving forward to trial.  *See id.*  Plaintiffs now move for reconsideration because they contend the Court's decision was a "clear error of law." ECF No. 47-1 at 3.  They raise three arguments in support of their motion.  First, that the Court failed to consider that the testimony of Plaintiffs' expert concluding that the candle caused the fire can also constitute evidence of defect.  *Id.* at 4-5.  Second, that Plaintiffs produced sufficient evidence that the candle was defective under the "consumer expectations test."  *Id.* at 5-7.  Third, that Plaintiffs produced sufficient evidence of a defect under the malfunction theory.  *Id.* at 7-8.

## II.      LEGAL STANDARD

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *In re Asbestos Prods. Liab. Litig.* (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (internal quotations omitted).  A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'"  *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).  "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'"  *United States v.*

*Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting *Young Jewish Leadership Concepts v. 939 HKH Corp.*, 93cv2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted).  "The moving party's mere disagreement with the Court's decision is not grounds for reconsideration." *Id.* (internal quotations omitted).

III.    **DISCUSSION**

None of Plaintiffs' arguments constitute "clear error[s]" of law warranting reconsideration under Rule 59(e).  The Court will address each in turn.

A.    **Evidence of Causation and Defect Are Not Interchangeable**

Plaintiffs' first argument is the same one it raised at the hearing on Defendants' motion— that the mere fact that the candle's glass jar broke is itself evidence that the candle was defective. *See* ECF No. 43 at 11:5-15.  Starting from that premise, Plaintiffs contend that the expert testimony of Dr. Golder, which opined that the candle at issue caused the fire, is sufficient record evidence to survive summary judgment.  *See* ECF No. 47-1 at 5.  Plaintiffs' position lacks any foundation in fact or law.

All three of Plaintiffs' claims require proof that the candle was defective.  ECF No. 45 at 3-7.  That is a separate, standalone requirement from causation.  *See Riley v. Warren Mfg., Inc.*, 688 A.2d 221, 224 (Pa. Super. 1997) (product liability claim requires proof of defect *and* causation).  ECF No. 45 at 3-7.  The Court concluded that Plaintiffs failed to produce any record evidence that the product was defective because Dr. Golder's testimony only touched on causation.  *See id.* at 4-5 (explaining lack of record evidence of design or manufacturing defect); *see also* ECF No. 43 at 21:4-22:18 (Plaintiffs conceding at oral argument that they cannot identify any other record evidence of a design or manufacturing defect).

3

Unable to overcome that absence of evidence to survive summary judgment, Plaintiffs now try, once again, to reframe Dr. Golder's testimony on causation as testimony on defect. But as the Court explained in its opinion, Dr. Golder's testimony does not include any analysis of a design or manufacturing defect in the subject candle. *See* ECF No. 45 at 4-5. All Dr. Golder's report says is the following: "It is my expert opinion that the Yankee Candle was placed into a metal candle container and burned for an extended period of time, causing the candle to reach flashover conditions due to the inability of the metal container allowing the heat to dissipate. This violent explosion caused ignition of the surrounding material located on top of the dining table." ECF No 32-4 at 10. Nothing in this language would permit a jury to reasonably conclude that the candle itself contained a design or manufacturing defect. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("there must be evidence on which the jury could reasonably find for the plaintiff"). Plaintiffs cannot make Dr. Golder's report say something that it simply does not say.

Moreover, Plaintiffs do not cite any legal authority for their position that evidence of causation and defect are interchangeable in the way they propose. The sole case they cite, *Slatowski v. Sig Sauer, Inc.*, 148 F.4th 132 (3d Cir. 2025), is inapposite.

The plaintiff in *Slatowski* brought a product liability claim against a gun manufacturer and proffered testimony from two experts opining on causation and defect. The district court held that the two experts' testimony concerning causation was inadmissible under Rule 702 and *Daubert*. 148 F.4th at 137-38. The Third Circuit affirmed that ruling. *Id.* The remaining question on appeal was whether the jury would need a different expert to opine on causation for the plaintiff to prove his claim, since some product liability claims require expert testimony on causation due to their inherently technical or complex nature. *Id.* at 139-40. The Third Circuit

concluded that some expert explanation of the functions of the firearm would be needed as background for the jury to assess causation—e.g., how the trigger worked, and how various component parts of the firearm interacted. *Id.* It reasoned that the jury would have that technical background information already because the plaintiff's experts would have to explain it when testifying as to defect. *Id.* With that background, the actual causation question was simple enough that a jury did not need a separate expert to find for the plaintiff on that element of his claim. *Id.*

The Court did not say, as Plaintiffs now claim, that in any product liability case, expert testimony opining on defect can constitute testimony on causation, or vice versa. *See* ECF No. 47-1 at 4-5. Plaintiffs have accordingly failed to satisfy their burden to demonstrate that the Court committed a "clear error of law" on this basis. *See Wiest*, 710 F.3d at 128.

### B.    Plaintiffs Could Not Prevail Under the Consumer Expectation Test

Plaintiffs next argue that the Court should reconsider its decision because they proffered enough evidence for a jury to find the candle was defective under the "consumer expectation test." ECF No. 47-1 at 5-6. Under this test, "a plaintiff may prove the product is 'defective' by showing that . . . 'the danger is unknowable and unacceptable to the average or ordinary consumer[.]'" *DeJesus v. Knight Indus. & Assocs., Inc.*, 10cv07434, 2016 WL 4702113, at *6 (E.D. Pa. Sept. 8, 2016) (quoting *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 394 (Pa. 2014)). "The test has been described as reflecting the surprise element of danger." *Tincher*, 104 A.3d at 394 (quotations and citation omitted). "The nature of the product, the identity of the user, the product's intended use and intended user, and any express or implied representations by a manufacturer or other seller are among considerations relevant to assessing the reasonable consumer's expectations." *Id.* at 394-95.

Plaintiffs' argument that the ordinary consumer "may be surprised to learn" that a candle, when used in the way Plaintiff used the candle here, is unsafe frankly strains credulity. Experience and common sense would lead the ordinary consumer to expect that leaving a candle burning unattended for hours in a decorative metal tin, on top of a wooden table with a vinyl tablecloth, and surrounded by a variety of flammable objects, is unsafe. *DeJesus*, 2016 WL 4702113, at \*7-8 (considering "everyday experience" of a product's users in applying consumer expectation test). In other words, there is no "surprise element of danger" latent in a candle's use that the ordinary consumer would not anticipate under these circumstances. *See Tincher*, 104 A.3d at 394.

Plaintiffs have not identified any record evidence to the contrary. *See Wright v. Ryobi Tech., Inc.*, 175 F. Supp. 3d 439, 453 (E.D. Pa. 2016) (granting in part motion for summary judgment because there was no record evidence that "[t]he reasonable consumer would not expect" the product to act in the fashion alleged by plaintiff). There is accordingly no triable issue on these grounds, so Plaintiffs have failed to demonstrate a legal error warranting reconsideration. *See DeJesus*, 2016 WL 4702113, at \*8-9 (granting summary judgment to the extent that there was no triable issue of fact regarding the consumer expectations test theory of liability).

**C.     Plaintiffs Could Not Prevail Under the Malfunction Theory**

Plaintiffs' final argument that they presented evidence of a defect under the "malfunction theory" also fails. "Under [this] theory of product liability, the plaintiff must produce (1) 'evidence of the occurrence of a malfunction,' (2) 'evidence eliminating abnormal use,' and (3) evidence eliminating 'reasonable [] secondary causes for the malfunction.'" *Dalton v. McCourt*

*Elec. LLC*, 112 F. Supp. 3d 320, 327 (E.D. Pa. 2015) (quoting *Rogers v. Johnson & Johnson Prods., Inc.*, 565 A.2d 751, 754 (1989))).

Plaintiffs cannot prevail under this theory because there is no "evidence eliminating abnormal use." *See Rogers*, 565 A.2d at 754.  Again, it is undisputed that Plaintiff left the candle burning unattended for hours on a wooden piece of furniture in close proximity to papers, batteries, and other flammable materials.  *See* ECF No. 45 at 1-2.  That is not a normal and foreseeable use of the candle.  Indeed, as Defendants point out, the candle's warnings explicitly cautioned against prolonged unsupervised burning and use near flammable objects.  *See* ECF No. 48-1 at 4-5; *see also Barnish v. KWI Bldg. Co.*, 980 A.2d 535, 542 (Pa. 2009) ("[A] plaintiff does not present a prima facie malfunction theory case if the plaintiff's theory of the case includes facts indicating that the plaintiff was using the product in violation of the product directions and/or warnings.  In such a case, no reasonable jury could infer that an unspecified defect caused a malfunction when the more likely explanation is abnormal use.").

## IV.    CONCLUSION

Plaintiffs have failed to satisfy their "substantial burden" to demonstrate a clear legal error warranting reconsideration of this Court's decision granting summary judgment for Defendants on all three claims.  *See Cephalon, Inc.*, 159 F. Supp. 3d at 555.  Their motion for reconsideration is therefore denied.  An appropriate Order will follow.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

7